## CARLYON v. EADE.

CONTRACT: CONSTRUCTION OF: EVIDENCE.

*Appeal from Mitchell District Court.*

SATURDAY, JUNE 8.

THE plaintiff sold and the defendant purchased of him certain real estate for the sum of two thousand dollars, of which one thousand dollars was to be paid in money at certain stated periods, and the residue by the conveyance of three hundred and twenty acres of land in Kossuth county, Iowa. The plaintiff claims the conveyance was not made, and this action is brought to recover the one thousand dollars.

There was a trial to the court, finding of facts, and judgment for plaintiff. The defendant appeals.

*Starr, Patterson & Harrison*, for appellant.

*Bush & Bush*, for appellee.

SEEVERS, J.—I. The contract in relation to the conveyance of the land is in writing, and provides, the "plaintiff shall have his choice of land of whatever he (the defendant) may have in Kossuth county, Iowa." The contract is silent as to the quantity of land owned by the defendant from which the selection could be made. On the trial the plaintiff sought to prove, and gave evidence so tending, that the defendant before, at the time, and after the written contract was executed, represented he had from three to five thousand acres from which a selection could be made. This evidence was objected to as being immaterial and irrelevant, and tending to

contradict or add to the written contract. The objection was overruled and the evidence admitted. The representations made after the written contract was executed were admitted to "explain the acts of the plaintiff subsequent to that time."

The contract provides that plaintiff shall have his choice of the lands owned by the defendant, the quantity being three hundred and twenty acres. The contract fairly construed implies that the defendant owned more than the latter quantity; otherwise, he could have no choice. The plaintiff was required to inform defendant that he was ready to avail himself of the privilege given him by the contract. To do this intelligently he must in some manner have informed himself as to the lands owned by the defendant. The lands embraced those owned, and not those only the record title of which was in the defendant. It is probable the plaintiff could ascertain the latter, but could not the former unless the defendant gave him the requisite information. Having been informed (it matters not from what source, or where) that defendant in fact owned from three thousand to five thousand acres, he was justified, if he could not obtain a description of them from the records, in demanding that defendant furnish him with a list thereof. There was evidence tending to show the plaintiff caused such an examination to be made, and that he demanded a list of the lands of defendant from which to make the selection.

The contract, we think, gives the plaintiff this right, and the evidence of representations made after the contract was executed, as to the quantity of lands belonging to defendant, was material and competent for the purpose for which it was admitted.

Suppose the defendant, before or at the time the contract was being written, stated he owned several thousand acres of land in Kossuth county, and the contract being silent in relation thereto, we think it was competent to prove such statements by parol. It in no way adds to the writing, or takes anything therefrom. The object was to ascertain or fix the quantity of lands to which the contract attached, and from which a selection could properly be made. The quantity beyond three hundred and twenty acres was indefinite. But the plaintiff was to have his choice from whatever quantity there was. If there were five thousand acres the plaintiff had the right to make his selection therefrom. If there were but five hundred acres then from such quantity. The object of the testimony was to ascertain and apply the contract to the subject-matter.

II. The other assignments of error argued by counsel relate to the sufficiency of the evidence to sustain the findings of fact. We have examined the testimony with care, and reach the conclusion that the fair preponderance is in favor of the findings made by the court. There may be some doubt as to the finding in relation to the deed made by defendant to plaintiff, and the retention thereof by the latter; but we are unable to say it is so clearly against the evidence as to justify us in setting it aside. The most that can be said is that different minds might therefrom come to different conclusions; but this is not sufficient under the settled practice of this court.

AFFIRMED.